### JOHN HOGAN *vs.* THOMAS COLEMAN.

Bristol. October 29, 1875. WELLS & MORTON, JJ., absent.

In an action for work and materials furnished by the plaintiff to the defendant, the judge who tried the case without a jury found as matters of fact that the plaintiff did not prove the contract declared on ; and that, there being conflicting evidence upon the question whether the defendant promised to see him paid for work and materials which he originally agreed to furnish to another person, the liability of the original debtor was not extinguished, and ordered judgment for the defendant. *Held,* the findings of fact not being subject to revision in this court, that the judge rightly ruled as matter of law that such promise would not support the declaration.

CONTRACT. The declaration alleged that the plaintiff made a verbal agreement with the defendant to dig and wall his cellar, furnish the materials for the mason work, and to do the labor in putting up and putting on said materials in mason work for a six tenement block, belonging to the defendant, in Fall River, for the sum of $1425 ; that in pursuance of said verbal agreement he furnished the materials, dug and walled the cellar, and put up and put on the materials in mason work to the said six tenement block for the defendant for the said sum ; that the defendant, in consideration thereof, paid him on or about August 13, 1873, the sum of $725 towards the same, and that the defendant owes the plaintiff the balance of $700, and interest on the same from October 15, 1873, according to an account annexed.

The answer of defendant contained a general denial, alleged payment and denied any agreement to pay interest.

At the trial in the Superior Court without a jury, *Pitman*, J., ordered judgment for the defendant, subject to the plaintiff's exceptions upon the following findings and rulings :

" I find that the plaintiff has not established by a preponderance of proof the contract or agreement set forth in his declaration. There is also evidence tending to show that after an original undertaking had been entered into between the plaintiff and one Francis Hye to furnish on his account the work and materials for which this suit is now brought, that said plaintiff declined or refused to furnish the same, and that the defendant thereupon promised to see him paid. The defendant offered evidence to the contrary.

" As upon my view of the whole evidence there does not appear to me, if this were proved, to have been a novation or an extinguishment of the original liability of Hye, I have not deemed it material to determine whether or not there was such a collateral undertaking, because if proved it would not be the contract declared on. Upon the pleadings I therefore find for the defendant."

*L. Lapham*, for the plaintiff.

*W. E. Fuller*, for the defendant, was not called upon.

BY THE COURT. The declaration is for work and materials furnished by the plaintiff to the defendant. The judge below has found as matters of fact (which are not subject to revision)

that the plaintiff did not prove the contract declared on, and that, if the defendant promised to see him paid for work and materials which he originally agreed to furnish to another person, the liability of the original debtor was not extinguished; and rightly ruled as matter of law, that such a promise would not support the declaration.                    *Exceptions overruled.*